FILED
05/08/2018
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 28, 2018 at Knoxville

**STATE OF TENNESSEE v. JAMES WOLFORD**

**Appeal from the Criminal Court for White County**
No. 7862     Gary McKenzie, Judge

_____

**No. M2017-01506-CCA-R3-CD**

_____

The defendant, James Wolford, appeals the order of the trial court revoking his probation and ordering him to serve his original four-year sentence in confinement. Following our review of the record and applicable authorities, we conclude the trial court did not abuse its discretion in finding the defendant violated the terms of his probation and the imposed sentence is proper. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT L. HOLLOWAY, JR., JJ., joined.

Michael J. Rocco, Sparta, Tennessee, for the appellant, James Ray Wolford.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

On April 18, 2016, the defendant pled guilty to one count of attempted possession of methamphetamine in exchange for a four-year sentence consisting of ninety-eight days of confinement and three years, eight months on supervised probation. On April 7, 2017, the defendant got into an altercation with David Irwin and Harry Wolford that resulted in his arrest for two counts of aggravated assault and one count of domestic assault. Due to these new law violations, the defendant's probation officer, Melanie Cohen, filed a

probation violation report on April 18, 2017. The trial court held a revocation hearing on June 23, 2017, following which it revoked his probation and ordered the defendant to serve his original four-year sentence in confinement with credit for the ninety-eight days already served.

Ms. Cohen, Harry Wolford, and Deputy Brandon Young testified at the revocation hearing. Ms. Cohen testified that this was the defendant's first probation violation, and she filed the revocation warrant shortly after learning of the defendant's new law violations. The revocation warrant listed these individual violations of the requirement that the defendant obey all federal, state, and municipal laws:

Violation Rule #1: "I will obey all laws . . ." To wit, In that, on or about April 7, 2017, the offender did assault the victim with a stick causing serious injury as evidenced by his arrest by Deputy Brandon Young of the White County Sheriff's Office for the offense of Aggravated Assault.

Violation Rule #1: "I will obey all laws . . ." To wit, In that, on or about April 7, 2017, the offender did assault the victim with a stick causing serious injury as evidenced by his arrest by Deputy Brandon Young of the White County Sheriff's Office for the offense of Aggravated Assault.

Violation Rule #1: "I will obey all laws. . ." To wit, In that, on or about April 7, 2017, the offender did assault the victim as evidenced by his arrest by Deputy Brandon Young of the White County Sheriff's Office for the offense of Domestic Assault.

Harry Wolford, the defendant's brother and one of the victims, testified that the other victim, David Irwin, lived with him briefly. On April 7, 2017, while Mr. Irwin was living with him, Mr. Wolford saw the defendant pull into his driveway. Mr. Irwin was walking down the driveway at the time, and the defendant began beating Mr. Irwin with a stick. Mr. Wolford told the defendant to leave his property, and the defendant got angrier and tried to run over him with his car. Mr. Wolford tried to take the stick away from the defendant, and he hit Mr. Wolford with the stick, dislocating his pinkie finger. Mr. Wolford threatened to shoot the defendant and went into his house to get a gun, so the defendant left.

Mr. Wolford then put Mr. Irvin into his vehicle to transport him to the hospital but stopped at a friend's house first to get money for gas. The defendant was sitting in a camper across the street from the friend's house, ran across the street, and punched Mr. Wolford in the face. Mr. Wolford then got into his car and drove to a hospital in Sparta,

Tennessee. At the hospital, doctors reset Mr. Wolford's right pinkie finger. Mr. Irwin was airlifted to another hospital in Cookeville, Tennessee, for surgery on his arm.

Deputy Brandon Young, with the White County Sherriff's Office, was called to the hospital in Sparta, Tennessee on April 7, 2017. At the hospital, Deputy Young encountered the victims and observed injuries to both. Deputy Young testified at the revocation hearing that Mr. Wolford injured his pinkie finger, and Mr. Irwin had a compound fracture in his arm. Deputy Young took reports from both victims, and those reports led to a warrant for the defendant's arrest.

Following the hearing, the trial judge found the testimony of the State's three witnesses credible and revoked the defendant's probation. The trial judge noted the defendant committed a violent offense and ordered the defendant to serve the remainder of his sentence in custody, stating, "We can't have individuals placed on probation out [in] our community doing things like this." The trial judge indicated he would revisit the ruling if something happened to the aggravated assault and domestic assault charges. The defendant then filed a timely notice of appeal.

*Analysis*

On appeal, the defendant alleges the trial court violated his right to confront the witnesses by admitting testimony regarding injuries to Mr. Irwin, a non-testifying victim. According to the defendant, it is unclear as to whether the trial court would have fully revoked the defendant's probation in the face of only the charges related to the assault of Mr. Wolford. The State contends the defendant's right to confront witnesses was not infringed where he had a full opportunity to cross-examine the witnesses against him, and the State did not present any hearsay testimony. We agree with the State.

Trial courts have statutory authority to revoke a suspended sentence upon finding the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. § 40-35-310, -311; *see State v. Clyde Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2 (Tenn. Crim. App. Sept. 27, 2013). "The trial judge has a duty at probation revocation hearings to adduce sufficient evidence to allow him to make an intelligent decision." *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995) (citing *State v. Mitchell,* 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). If the trial court finds a violation during the probationary period, the time within which it must act is tolled, and the court can order the defendant to serve the original sentence in full. Tenn. Code Ann. § 40-35-310; *see State v. Lewis*, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995). To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In order

to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* (citing *State v. Harkins,* 811 S.W.2d 79, 82 (Tenn.1991)).

Here, the defendant contends the trial court erred by allowing Mr. Wolford to testify as to the defendant's attack of Mr. Irwin. The Tennessee Supreme Court, however, has noted that "the full panoply of rights due a defendant in criminal prosecutions" do not apply to probation revocations. *State v. Wade,* 863 S.W.2d at 406, 408 (Tenn. 1993) (internal quotation marks and citation omitted). The defendant's guilt or innocence is not at issue during a revocation hearing, so confrontation rights are relaxed. *Id*. Hearsay evidence remains inadmissible, though, unless: (1) the trial court makes a finding that there is "good cause" to justify the denial of the defendant's right to confront and cross-examine adverse witnesses, and (2) there is a showing that information contained in the evidence is reliable. *Id.* at 409.

The record submitted on appeal contains substantial evidence to support the trial court's decision to revoke probation and reinstate the defendant's original sentence. The defendant objected during the hearing to Mr. Wolford's testimony regarding the defendant's attack of Mr. Irwin, and the trial court allowed Mr. Wolford to testify as to the events he observed. The defendant had ample opportunity to cross-examine all three witnesses called by the State and did. None of the witnesses offered hearsay testimony, and the defendant did not make any hearsay objections during the hearing. The defendant is not entitled to relief on this issue.

### *Conclusion*

In accordance with the aforementioned reasoning and authorities, we affirm the judgments of the trial court.

_____
J. ROSS DYER, JUDGE